**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | **I.D. Nos. 1501013030; 1502011707** |
| v. | ) | |
| | ) | |
| | ) | |
| DESHAUN NORTHERN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This 4th day of February 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1.     The Defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v. United States*.[1]  This was but one of a barrage of "*Erlinger* claims" from inmates at the Department of Correction filed throughout the Superior Court. In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*.  While further litigation may well yield refinements in the Court's

---

[1] *Erlinger v. United States,* 602 U.S. 821 (2024).

treatment of *Erlinger* claims, many are now ripe for resolution and the Court therefore enters this Order lifting the stay in those cases whose resolution is clear from the developing case law.

## ORDER ON THE MERITS

2.      In 2015, the Defendant was facing a host of charges.  In one set, (ID No. 1501013030) he robbed three teenagers at gunpoint.[2]  In a separate incident a week later (ID No. 1502022707), he robbed a twenty-two-year-old man and shot him in the jaw, arm, abdomen, shoulder and leg, resulting in amputation.[3]  He pled guilty to Assault First Degree, Attempted Robbery First Degree, Robbery Second Degree and two firearms charges.[4]

3.      The Defendant had no criminal history that enhanced any of his sentences or increased the maximum penalty available.  While there were minimum sentences involved as set by the legislature (such as for a Class B felony), no facts beyond those in the charges were predicates to any sentence enhancement. Defendant says he received more than the minimum sentence he might have received, but *Erlinger* does not require a jury's fact finding when the facts do not increase the minimum mandatory or the maximum possible sentence.  Rather, the

---

[2] *State v. Northern*, Delaware Superior Court Criminal Docket, ID Nos. 1501013030; 1502011707, Docket Item (hereinafter "D.I. _") 27.
[3] *Id.*
[4] D.I. 23.

fifteen-year sentence imposed, spread out over the various crimes to which he pled guilty, was well within the statutory maximum available on each charge. In short, this is not an *Erlinger* claim. *Erlinger* is only implicated when the Court relies upon facts to increase the minimum mandatory or that maximum available sentence.[5] Neither scenario played out with respect to the Defendant's sentencing, and he is therefore not entitled to relief under *Erlinger*. The motion is **DENIED.**

      **IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc:    Prothonotary
        Deshaun Northern (SBI # 00694595)
        Abigail Rodgers, Deputy Attorney General

---

[5] *Erlinger*, 602 U.S. at 834.